Commonwealth, Appellant, *v.* Hall.

Submitted November 18, 1975. Before WATKINS, P.J., HOFFMAN, CERCONE, PRICE, VAN DER VOORT and SPAETH, JJ. (JACOBS, J., absent).

*Charles W. Johns* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

*Larry P. Gaitens,* and *Lucchino, Gaitens & Hough,* for appellee.

OPINION BY PRICE, J., April 22, 1976:

This is an appeal by the Commonwealth from an order suppressing evidence. The Commonwealth does not have sufficient evidence to bring the appellee to trial absent the suppressed evidence. The order, therefore, is final and the appeal is properly before us. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304, *cert. denied,* 375 U.S. 910 (1963); *Commonwealth v. Deren,* 233 Pa. Superior Ct. 373, 337 A.2d 600 (1975). The evidence was properly seized and should not have been suppressed, therefore we will reverse.

On October 3, 1974, an undercover agent, Officer Terrance O'Leary, and two other plainclothes officers of the Pittsburgh Police Department were patrolling their "beat" in an unmarked car. At approximately 8:45 p.m., the officers saw three men standing in front of Jimmie's Bar on Herron Avenue, an area known for its high rate of narcotics traffic. The officers had previously decided to investigate the area, so they turned their car around

the street-dividing island and parked.[1] All three officers then left the car, and as they did, the three men whom they had noticed standing at Jimmie's Bar parted.

One of the men, subsequently determined to be the appellee, started to cross the street. As he did, he put his hand into his pocket, removed it, and then dropped a white bundle. Officer O'Leary, who had seen the object fall to the ground, went to retrieve it, while the other two officers crossed the street behind appellee. When Officer O'Leary picked up the bundle, he saw that it was a crumpled white tissue which contained four silver packets. He opened one packet and observed that it contained a white powder. Believing the substance to be heroin, he called to the other officers to arrest appellee for possession of narcotics. The officers did not have a warrant at that time. The patdown conducted immediately after the arrest produced a quantity of marijuana, and appellee was also charged with possession of marijuana.

Appellee filed a motion to suppress the evidence, alleging that his Fourth Amendment rights were violated. The lower court agreed that the confrontation was infirm, and suppressed the evidence, citing *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973), for the proposition that the abandonment of the narcotics was coerced by, and the result of, illegal police activity.

We have no difficulty in distinguishing the present case from *Jeffries*. In *Jeffries*, the undercover agent, who was known to Jeffries as a narcotics investigator, was chasing the suspect at the time of the abandonment. In the instant case, the narcotics were dropped even before the police had approached the appellee, and before any

---

1. The car was double-parked on the right-hand side of the street, a common occurrence in that area of the city. The lower court placed emphasis on the double parking, viewing it as a factor in the "coercion" which, the court felt, caused appellee to drop the drugs. Such a construction is unwarranted.

active, unlawful, or improper police conduct focusing on appellee took place. There was nothing in the actions of the officers which could have "coerced" appellee to abandon the drugs. *Commonwealth v. Pollard*, 450 Pa. 138, 299 A.2d 233 (1973).

The property abandoned by appellee was admissible evidence. Moreover, it provided probable cause to search and to arrest appellee, *cf. Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727, *cert. denied*, 409 U.S. 867 (1972), so that the marijuana found on appellee's person during the patdown is also admissible.

The order suppressing the evidence is reversed and the case is remanded for trial.

DISSENTING OPINION BY SPAETH, J.:

The hearing judge in his opinion found that the "three police officers surround[ed] and follow[ed] the defendant, in effect, illegally restricting his freedom by their threatening actions." He further found that it was this "coercion of the police officers who confronted the three males on pure suspicion and without any probable cause" that caused the abandonment of the heroin. In reversing, the majority not only ignores these findings, but makes its own, contrary, findings, stating that "the narcotics were dropped even before the police had approached the appellee and before any active, unlawful, or improper police conduct focusing on appellee took place." I do not think that is the role of an appellate court. *Commonwealth v. Bundy*, 458 Pa. 240, 244, 328 A.2d 517, 520 (1974); *Commonwealth v. Sharpe*, 449 Pa. 35, 44, 296 A.2d 519, 524 (1972).

HOFFMAN, J., joins in this opinion.